```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ONEWEST BANK, N.A.,

                    Plaintiff,           13-CV-6453T

v.

RICHARD AIKEY JR., et al.,               DECISION
                                         and ORDER

                    Defendants.
_____
```

## INTRODUCTION

Plaintiff OneWest Bank, N.A., ("OneWest") the holder of a mortgage note issued to defendant Richard Aikey, Jr. ("Aikey") brings this diversity action to foreclose on the mortgage note secured by property in Canandaigua, New York, claiming that Aikey is in default on the mortgage note and that OneWest is entitled to foreclosure on the property secured by the note.  OneWest now moves for summary judgment against the defendant claiming that there are no material issues of fact in dispute and that it is entitled to judgment in its favor as a matter of law.

Defendant Aikey, proceeding pro se, does not deny that he has defaulted on the mortgage loan, but contends that the plaintiff violated state and federal laws when it issued, serviced, and attempted to foreclose on the loan, and that as a result of the plaintiff's actions, plaintiff's motion should be denied. Defendant further contends that plaintiff's failure to comply with relevant banking laws renders the mortgage he signed void, and he seeks a declaration to that effect.

For the reasons set forth below, plaintiff's motion for summary judgment is granted, and defendant's motions to dismiss and for a declaration that the mortgage note he signed is void are denied. Plaintiff's motion to strike defendant's sur-reply is denied.

BACKGROUND

In November, 2007, defendant Richard Aikey Jr., executed and delivered a promissory note to IndyMac Bank, FSB, in the amount of $148,800.00. The note was secured by a mortgage on property located at 2697 County Road 10 in Canandaigua, New York. Under the terms of the mortgage loan, which was a 30 year loan with a fixed interest rate of 7.750% for the first five years, and then an adjustable rate for the remaining 25 years, defendant was to pay $533.31 per month for the first five years of the loan, and then a greater amount beginning December 1, 2012. According to the plaintiff, once the higher payments became due in December, 2012, the defendant stopped making any payments, and has not made any payments in any amount since November, 2012.[1]

---

[1] Though not a part of the record, the Court takes judicial notice that in September, 2008, Aikey was convicted of unlawfully engaging in a course of sexual conduct against a child in the second degree (in violation of New York State Penal Law § 130.80[1][b]). See People v. Aikey, 94 A.D.3d 1485, 1485; 943 N.Y.S.2d 702, 703 (App. Div. 4th Dept.,2012)(affirming conviction). In October, 2008, Aikey, as a second-time sex offender, was sentenced by Ontario County Court (New York) Judge Frederick Reed to a term of 15 years imprisonment. He is currently incarcerated at the Elmira State Correctional Facility in Elmira, New York.

DISCUSSION

I. Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought. Tolan v. Cotton, ___, U.S., ___ 134 S. Ct. 1861, 1863 (2014). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. Scott v. Harris, 550 U.S. 372, 380 (2007)(citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986)).

II. Plaintiff has established that it is entitled to Summary Judgment

"In a New York mortgage foreclosure action, a plaintiff makes a prima facie case with summary judgment appropriate if nothing else is shown where the foreclosing party produces documentary evidence establishing the three elements of a foreclosure claim: (1) a mortgage, (2) a note, and (3) proof of default on the note by the mortgagor." Eastern Savings Bank, FSB v. Bright, No. 11-cv-1721, 2012 WL 2674668, *3 (E.D.N.Y. July 5, 2012); One W. Bank, FSB v. Davi, No. 1:13 CV 1055 FJS/RFT, 2014 WL 4897311, at

*2 (N.D.N.Y. Sept. 30, 2014). In the instant case, plaintiff, through admissible evidence, has demonstrated the existence of a valid mortgage and note, and has established that the defendant has defaulted on the note. According to the plaintiff, defendant last made a payment on the note in November, 2012.

Defendant does not deny that he has defaulted on the note, but argues that the plaintiff's attempt to foreclose on the note is invalid because the plaintiff has not complied with relevant state and federal banking laws applicable to his note and mortgage. Specifically, Aikey alleges that because the plaintiff has failed in its motion papers to identify the type of loan that was made to the defendant, the plaintiff has failed to comply with New York banking laws, and therefore is not entitled to judgment in this foreclosure proceeding. Defendant further alleges that the loan he received was a "high-cost home loan" that is subject to stringent regulations, and that the plaintiff failed to comply with those regulations in issuing, servicing, and foreclosing on the loan, and as a result of plaintiff's deficiencies, the note and mortgage should be declared void. See Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Summary judgment (docket item. no. 30) at p. 2, 3-4.

While the defendant is correct that certain "high-cost" home loans are subject to more stringent regulations under Section 6-1 of the New York Banking Law, defendant has failed to establish that the loan he took from the plaintiff was a "high-cost" home loan as

that term is defined under New York law. Indeed, defendant makes only conclusory allegations that his loan is a high-cost loan, and provides no facts in support of his claim. Plaintiff, however, has introduced evidence demonstrating the loan is not a high-cost home loan under New York law. Specifically, plaintiff has established that the interest rate on the loan was below the threshold interest rate for high-cost loans as set forth in Section 6-1(g) of the New York Banking Law, and that the points and fees associated with defendant's loan did not exceed the threshold for such fees as set forth in the law. Because the plaintiff has established that the defendant's loan was not a high-cost home loan under New York law, defendant's arguments that the plaintiff failed to comply with provisions relating to high-cost home loans are without merit.

Defendant further argues that the plaintiff's motion should be denied, and the complaint dismissed, because OneWest, in issuing, servicing and attempting to foreclose on the defendant's loan, failed to comply with the federal Home Ownership and Equity Protection Act ("HOEPA"), codified in relevant part at 15 U.S.C. § 1639. Specifically, defendant alleges that because the loan he received included a provision for negative amortization, and because the plaintiff failed to properly disclose this provision, the loan violates HOEPA, and therefore the note and mortgage should be declared void.

Again, the defendant has failed to establish that his loan was a high-cost loan under federal law as that term was defined in

2007, at the time when the loan was issued. To qualify as a high-cost loan under federal law in 2007, the loan would have had to have an interest rate at least ten percentage points above the yield on certain treasury securities, or would have to have included fees greater than eight percent of the total loan amount. Plaintiff has established that neither of these conditions was met, and as a result has established that the loan was not a high-cost loan under federal law. Because the loan was not a high-cost loan under federal law, defendant's claims that the plaintiff failed to comply with provisions applicable to such loans is without merit.

Finally, I have considered defendant's remaining objections, including claims that default and foreclosure notices were sent to his home address rather than his prison address. These claims are without merit as defendant failed to notify the plaintiff of his change of address, and plaintiff was under no obligation to ascertain defendant's new address. Defendant's claims that he did not receive certain disclosures in conjunction with the issuance of the loan are conclusory, and plaintiff has presented evidence that the disclosures were made in a timely manner.

## CONCLUSION

For the reasons set forth above, I grant plaintiff's motion for summary judgment, and deny defendant's motion to dismiss the complaint. Plaintiff's motion to strike defendant's sur-reply is denied, and defendant's motion seeking a declaration that the mortgage issued by OneWest is void is denied.

Additionally, it is further:

ORDERED, that this action is hereby referred to Gerald Murphy of the law firm Forsyth, Howe, O'Dwyer, Kalb & Murphy, P.C., One Chase Square, Suite 1900, Rochester, NY 14604, at telephone number 585-324-0605, as Special Master to ascertain and compute the amount due to Plaintiff herein pursuant to the note and mortgage, including but not limited to, unpaid principal balance, interest, accumulated late charges, and recoverable balance due and owing on the note secured by the mortgage, and to examine and report whether the premises should be sold in one parcel, and it is further

ORDERED, that the Special Master shall make his report to the Court as soon as is practicable, and it is further

ORDERED, that upon submission of the Special Master's Report, Plaintiff shall pay $250.00 to the Special Master as compensation for his services, which sum may be recouped as a cost of litigation; and it is further

ORDERED, that the Special Master appointed herein is subject to the requirements of Rule 53 of the Federal Rules of Civil Procedure, and, if the Special Master is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Special Master shall notify the Appointing Judge forthwith, and it is further

ORDERED, that by accepting this appointment the Special Master certifies that he is in compliance with Rule 53 of the Federal Rules of Civil Procedure, including, but not limited to, Section

53(a)(2) ("Disqualification"), section 53(c) ("Master's Authority") and section 53(g) ("Compensation"), and it is further

ORDERED, that the caption herein be amended to reflect OneWest Bank N.A.'s name change from OneWest Bank, FSB to OneWest Bank N.A.; that "Keith Shaffer" be substituted in place and stead of defendant "John Doe No. 1"; and that the names of defendants "John Doe No. 2" through "John Doe No. 10" be stricken and that the action be discontinued as to them, all of the foregoing without prejudice; and it is further

ORDERED that pursuant to FRCP Rule 55(b), default judgment against defendants HSBC Bank Nevada, N.A. and Keith Shaffer (served herein as "John Doe No. 1") for failing to appear and interpose any answer or defense in this action is granted.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         March 31, 2015